962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank L. GRAHAM, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-1193.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 27, 1992
Decided: May 14, 1992
 
 Before HALL and LUTTIG, Circuit Judges, and SIMONS, Senior United States District Judge for the District of South Carolina, sitting by designation.
 David G. Thompson, Pineville, West Virginia, for Appellant.
 Eileen Bradley, Chief Counsel, Region III, Dorothea J. Lundelius, Supervisory Assistant Regional Counsel, William B. Reeser, Assistant Regional Counsel, Hope Switkay Bugay, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania; Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 PER CURIAM:
 
 
 1
 Frank Graham appeals from the order of the magistrate judge affirming the secretary's denial of Graham's application for disability insurance benefits.
 
 
 2
 He alleged that he became disabled as a result of a combination of impairments, including the following: (1) the loss of his left eye in 1979, (2) residual back injuries requiring surgery about 1972, (3) recurring episodes of sciatica, ulcers, a hiatal hernia, high blood pressure, sleep apnea, diabetes mellitus, and right arm stiffness. He also asserted subjective symptoms of mild to moderate pain, inability to concentrate, and exhaustion.
 
 
 3
 Graham was 41 years of age at the time of the administrative law judge's decision. From 1974 to 1984, he was employed in various construction jobs as a laborer, requiring him to stand and to be on his feet for long periods, as well as to lift and carry heavy objects. He was most recently employed from January 2, 1986, until September 26, 1986, as a hoist operator, loader operator, and laborer for a mining construction company. At his hearing, he testified that he stopped working because he had injured or reinjured his back in a fall, and that he has been able to work only two and a half days subsequent to that injury in September 1986.
 
 
 4
 In spite of Graham's claim that he has not been able to perform any meaningful employment following his September 1986 injury, there is no medical evidence in the record that he sought or received any type of emergency treatment for his back injury. A lumbosacral spine x-ray taken on October 1, 1986, revealed that his vertebral bodies, intervertebral spaces, pedicles and neuroforamina were intact, and that his lumbosacral spine was unremarkable.
 
 
 5
 Graham performed heavy exertional work until September 1986, despite his medical problems, and there is no specific medical evidence that they impaired his ability to work prior to the time he ceased to work. Even so, the administrative law judge considered his subjective complaints, including his asserted pain. Based upon the subjective evidence before him, a functional capacity evaluation, and the vocational testimony, the administrative law judge concluded that, while Graham could not perform his past relevant work, he retained the capacity for certain types of light work, and was therefore not disabled.
 
 
 6
 While Graham takes medication to control his high blood pressure, ulcers, diabetes and back pain, this does not constitute proof of a functional limitation. If symptoms are, or can be, reasonably controlled by medication, they may not be considered disabling under the Act. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986).
 
 
 7
 We, therefore, conclude that the record fully supports the administrative law judge's findings and conclusions in determining that Graham was not disabled under the Act on the record before him.
 
 
 8
 Accordingly, the order of the magistrate judge is affirmed. We dispense with oral argument because the facts and contentions of the parties are fully and adequately presented, and oral arguments would not aid us in the decisional process.
 
 AFFIRMED